IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-00639-KDB-DCK

| EFREM COWPER, | |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| DAIMLER TRUCK NORTH AMERICA, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's Motion for Summary Judgment (Doc. No. 25) on Plaintiff's claims of employment disability discrimination related to the termination of his employment. The Court has carefully considered this motion and the parties' briefs and exhibits. As discussed below, Plaintiff refused Defendant's offer of a position that complied with Plaintiff's doctor's restrictions and, indeed, claims he is disabled to the point that he cannot work for Defendant in any job. Therefore, Plaintiff cannot establish liability under the Americans with Disability Act ("ADA"), and the Court will **GRANT** the motion.

## I. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *United States v. 8.929 Acres of Land in Arlington Cnty., Virginia*, 36 F.4th 240, 252 (4th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)); *see United States, f/u/b Modern Mosaic, LTD v. Turner Construction Co., et al.*, 946 F.3d 201, 206 (4th Cir. 2019). A factual dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby,*

1

*Inc.*, 477 U.S. 242, 248 (1986); *8.929 Acres of Land,* 36 F.4th at 252. "A fact is material if it might affect the outcome of the suit under the governing law." *Id*. (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact through citations to the pleadings, depositions, answers to interrogatories, admissions, or affidavits in the record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (when the nonmoving party "has failed to make a sufficient showing on an essential element of [his] claim with respect to which [he] has the burden of proof," summary judgment is warranted); *United States ex rel. Gugenheim v. Meridian Senior Living, LLC*, 36 F.4th 173, 178 (4th Cir. 2022) (same). If the movant satisfies his initial burden to demonstrate "an absence of evidence to support the nonmoving party's case," the burden shifts to the nonmovant to "present specific facts showing that there is a genuine issue for trial." *8.929 Acres of Land,* 36 F.4th at 252 (quoting *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015)). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Hixson v. Moran*, 1 F.4th 297, 302 (4th Cir. 2021). Rather, the nonmoving party must establish that a material fact is genuinely disputed by, *inter alia*, "citing to particular parts of the materials of record," and cannot rely only on "conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." Fed. R. Civ. P. 56(c)(1)(A); *8.929 Acres of Land,* 36 F.4th at 252 (quoting *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013)).

Still, summary judgment is not intended to be a substitute for a trial of the facts. *Anderson*, 477 U.S. at 249. In determining if summary judgment is appropriate, "courts must view the evidence in the light most favorable to the nonmoving party and refrain from weigh[ing] the

evidence or mak[ing] credibility determinations." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted) (quoting *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017)). "Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015) (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)). In the end, the relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

In applying these Rule 56 standards the Court has also considered that Plaintiff is appearing *pro se*. *Pro se* pleadings are liberally construed and held to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007). However, a district court may not rewrite a *pro se* complaint to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Also, despite the rule of liberal construction, when a defendant moves for summary judgment, a plaintiff "may not rest on [his] pleadings, but must demonstrate that specific, material facts exist that give rise to a genuine issue" that must be tried before a jury. *Harleysville Mut. Ins. Co. v. Packer,* 60 F.3d 1116, 1120 (4th Cir.1995) (citations omitted).

## II. FACTS AND PROCEDURAL HISTORY

Beginning in 2018, Plaintiff was employed as a Press Brake Operator for Defendant Daimler Truck North America ("Daimler") at its facility in Gastonia, North Carolina.[1] In August

---

[1] A more detailed description of the relevant facts, together with citations to the record, can be found in Daimler's memorandum in support of its motion. *See* Doc. No. 26 at 2-8.

2019, Plaintiff was injured while working, when an aluminum part slipped out of Plaintiff's hand and cut his left wrist. Immediately following the injury, Plaintiff received x-rays, which were negative, and seven stitches. By December 2019, he was cleared to work with his left hand sixty percent of the time. Daimler accommodated Plaintiff's work restrictions during this period by placing him on light duty.

On March 9, 2020, as a result of the COVID-19 pandemic and a sharp reduction in demand for the products and parts manufactured at the Gastonia facility, Daimler restructured its staffing and decided that it could no longer keep Plaintiff in a purely light-duty position. Instead, Daimler offered Plaintiff a position as a second shift Press Brake Operator, which he declined because he did not believe that it was consistent with his work restrictions. Daimler then accommodated Plaintiff by placing him on leave.

On May 7, 2020, Plaintiff underwent a Functional Capacity Evaluation ("FCE"), which is a set of tests that are used to identify a person's physical skills, functional capabilities, activity endurance, and work tolerances. Plaintiff and his doctor (Dr. Woodside) reviewed the FCE and the doctor issued a 10% permanent partial disability rating for Plaintiff's left wrist after determining that Plaintiff was at maximum medical improvement. Dr. Woodside assigned final permanent work restrictions of occasional bilateral lifting of 25 pounds maximum, and occasional left-sided lifting of 10 pounds maximum. Plaintiff thereafter sought second opinions from two other doctors, neither of whom changed Dr. Woodside's restrictions.

On February 25, 2021, Daimler informed Plaintiff, who had been on leave since March 9, 2020, that it had identified an open position as a third-shift Press Line West operator that complied with his work restrictions. Prior to offering Plaintiff the position, Daimler's Physical Therapist/Ergonomist, Disability Coordinator, and Senior Environment Health and Safety

Manager each confirmed that the position was consistent with Plaintiff's permanent work restrictions. Additionally, the position would allow Plaintiff to assist with other tasks, such as sanding or placing rubber plugs on parts, that did not require any lifting. Daimler asked Plaintiff to report to work on March 3, 2021.

Before reporting to work, Plaintiff challenged whether the position accommodated his restrictions, claiming that the position's lifting requirements were not "occasional" because he would be expected to lift parts throughout his shift. Faced with Plaintiff's refusal to return to work, on or about March 17, 2021, Daimler submitted the job description to Plaintiff's physician, Dr. Woodside, to determine whether the position accommodated Plaintiff's lifting restrictions. She approved the position after her review. So, Daimler again requested that Plaintiff return to work to perform the Press Line Operator West Position.

On April 4, 2021, Plaintiff returned to work and was asked to use a hand sander. After approximately fifteen to twenty minutes, Plaintiff claimed that he began experiencing pain in his left hand and fingers, and informed his supervisor that he was not able to continue. Plaintiff's supervisor then asked that he wash parts with a spray bottle, which Plaintiff did for approximately five to ten minutes, before he was again unable to continue due to alleged pain in his left hand and fingers. Daimler then informed Plaintiff that there was no other work available for him to perform, and he did not complete his shift. Plaintiff thereafter refused to return to work in the position, and Daimler did not excuse Plaintiff's absences following April 4, 2021, because it believed it had offered him a position that complied with his restrictions. On April 19, 2021, Daimler terminated Plaintiff's employment for failure to report to work for five consecutive days without a reasonably satisfactory excuse.

In September 2021, Plaintiff filed a charge with the Equal Employment Opportunity Commission alleging unlawful discrimination (failure to accommodate his disability) and retaliation under the ADA, 42 U.S.C. § 12101 et seq. He received a right to sue letter from the agency in September 2022 and timely filed this action, *pro se*, in November 2022, again alleging unlawful discrimination / failure to accommodate and retaliation under the ADA. *See* Doc. No. 1. After multiple efforts to mediate the dispute were unsuccessful, Daimler filed the pending motion on August 30, 2024, to which Plaintiff responded. The motion is now ripe for the Court's decision.

### III. DISCUSSION

The ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to . . . the hiring, advancement, or discharge of employees." 42 U.S.C. § 12112(a). Discrimination can include failing to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." *Id.* at §12112(b)(5)(A). To establish a claim for failure to accommodate an employee must prove that: (1) the employee is a qualified individual with a disability within the meaning of the ADA; (2) the employer had notice of the disability; (3) with reasonable accommodation, he could perform the essential functions of the position he held or desired; and (4) the employer refused to make such an accommodation. *Rhoads v. F.D.I.C.*, 257 F.3d 373, 387 n.11 (4th Cir. 2001). Here, Daimler argues that Plaintiff has failed to establish a triable issue on the third and fourth elements. The Court agrees.

With respect to the third requirement, if an employee cannot perform the essential functions of his job, with or without a reasonable accommodation, then he is not a "qualified individual" under the ADA, and therefore has no legal entitlement to an accommodation under the statute. 42 U.S.C. §§ 12111(8), 12112(b)(5)(A); *see also*, 29 C.F.R. Pt. 1630, app. ("An employer or other

6

covered entity is not required to reallocate essential functions."). In other words, a plaintiff cannot sustain an ADA claim if he admits that he is completely unable to work. *Jessup v. Barnes Grp.*, 23 F.4th 360, 366 (4th Cir. 2022).

Here, Plaintiff's physician, after reviewing the job description for the position, confirmed that all the job functions of the Press Line Operator West position that Daimler offered to Plaintiff in February 2021 complied with Plaintiff's permanent work restrictions. Having attempted to work (for one day) at the compliant position, Plaintiff states that he could not perform the functions of the Press Line Operator West position, either with or without a reasonable accommodation – or indeed, work at all. First, at his deposition, Plaintiff admitted he is unable to work in any position at any company because of his injury. ("Q: So I understand you're saying that the injury you suffered at Daimler, in August of 2019, rendered you permanently unable to work in any position? A: Yes."). Second, in response to Daimler's Rule 36 Requests for Admission, Plaintiff admitted "that due to [his] injury, [he is] unable to perform work of any type" and "due to [his] injury, [he has] been unable to perform work of any type since March 2020." (Plaintiff's March 27, 2024 Responses to Daimler's First Discovery Requests ("Pl. Disc. Resp."), Request for Admission Nos. 16-18.). Third, in connection with his claim for worker's compensation benefits relating to his injury, Plaintiff claimed that he is completely unable to work. Accordingly, even with reasonable accommodation, Plaintiff cannot perform the essential requirements of his position and thus cannot prove that he is owed (and that Daimler has failed to provide) accommodation under the ADA.

Further, even if Plaintiff could show that he could perform his job with a reasonable accommodation, he cannot establish the fourth element of his "failure to accommodate" claim because Daimler in fact provided him with a reasonable accommodation. As described above, there is no genuine issue of material fact that Daimler attempted to accommodate Plaintiff by placing

him in a position that complied with his permanent work restrictions, and that Plaintiff refused to work in that position after April 4, 2021. *See Tartaro-McGowan v. Inova Home Health, LLC*, 91 F.4th 158, 169-172 (4th Cir. 2024) (affirming summary judgment for employer where employee refused to work despite an offered reasonable accommodation). Therefore, Daimler is similarly entitled to summary judgment under the fourth element.

Finally, Plaintiff has failed to prove unlawful retaliation in violation of the ADA, which provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or . . . made a charge . . . under this chapter." 42 U.S.C. § 12203(a). To establish a prima facie retaliation claim under the ADA, Plaintiff must plausibly allege that "(1) he engaged in protected conduct, (2) he suffered an adverse action, and (3) a causal link exists between the protected conduct and the adverse action." *Schmidt v. Town of Cheverly, Md.*, 212 F. Supp. 3d 573, 580 (D. Md. 2016) (quoting *Reynolds v. Am. Nat. Red Cross*, 701 F.3d 143, 154 (4th Cir. 2012)). Plaintiff has failed to establish any "causal link" between his alleged protected conduct and his termination (i.e., the adverse action).

Beyond the bare temporal proximity between his claim that he needed additional accommodation (although also claiming he could not do *any* job), Plaintiff has not proffered evidence of retaliatory animus or that Daimler's plainly legitimate non-retaliatory reason for his termination – that he failed to report to his job – was pretextual *See Rhoads*, 257 F.3d at 391 (temporal proximity alone is not "of sufficient probative force to reflect a genuine issue of material fact."). Accordingly, as with his claims of ADA discrimination,[2] Plaintiff's claim of retaliation cannot survive summary judgment.

---

[2] To the extent that Plaintiff asserts an ADA claim for discrimination beyond Daimler's alleged failure to accommodate his disability, Daimler is entitled to summary judgment on that claim for the reasons fully explained in its supporting memorandum. *See* Doc. No. 26 at 14-17.

## IV.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion for Summary Judgment (Doc. No. 25) is **GRANTED;** and

2. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 10, 2024

Kenneth D. Bell
United States District Judge