IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-00639-KDB-DCK

EFREM COWPER,

    Plaintiff,

    v.

DAIMLER TRUCK NORTH AMERICA,

    Defendant.

ORDER

THIS MATTER is before the Court on pro se Plaintiff Efrem Cowper's Notice of Intention to Move for a New Trial. In that "Notice," (Doc. No. 42), Plaintiff moves to vacate the Court's Order granting summary judgment in favor of Defendant (Doc. No. 40) and order a new trial. For the reasons described below, the Court will deny Plaintiff's motions.

Plaintiff states that he makes his motions pursuant to North Carolina Code of Civil Procedure § 59. This Court of course is governed by the Federal Rules of Civil Procedure. Therefore, the Court will consider pro se Plaintiff's motions as if they were made under Rules 59 and 60 of those rules, which permit the Court to reconsider its earlier ruling on summary judgment and reinstate this action in limited circumstances.

The United States Court of Appeals for the Fourth Circuit has consistently recognized that a judgment may be amended under Rule 59(e) in only three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Rule 59(e) motions may not be used to

1

relitigate old issues, or to raise arguments, or present evidence that could have been raised prior to judgment. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Simple disagreement does not support a Rule 59(e) motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

The Plaintiff has failed to show he meets any of the required circumstances under Rule 59(e). The Plaintiff does not argue there was an intervening change in controlling law. While he argues generally that new evidence is available, none is cited in his motion or supporting memorandum. Rather, his arguments and evidence mirror his earlier submissions. Therefore, Plaintiff's motions are merely an attempt to relitigate his claims. Further, there has been no clear legal error in the Court's resolution of Plaintiff's claims and he has not met his high burden to show amending the judgment is required to prevent manifest injustice. Accordingly, the Plaintiff's motions fail under Rule 59(e).

Federal Rule of Civil Procedure 60(b) allows a district court to grant a party relief from a final judgment or order in certain circumstances, including: (1) mistake, inadvertence, surprise, or excusable neglect; (2) new evidence; (3) fraud; (4) void judgment; (5) satisfied, released, or discharged judgment; or (6) any other reason that justifies relief. *Stratton v. Mecklenburg County*, 2012 WL 6194505 *1 (W.D.N.C. Dec. 12, 2012). Before a party may seek relief under Rule 60(b), a party first must show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances. *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." *Compton v. Alton Steamship Co.*, Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). The Court finds that none of the circumstances reflected in Rule

60(b)(1)-(5) apply here. Further, relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." *Dowell*, 993 F.2d at 48 (internal quotation marks and citation omitted). The Court concludes that reversal of the Court's dismissal order is neither necessary to "accomplish justice" nor does this case involve "extraordinary circumstances."

Accordingly, for all the reasons stated above and the others set forth in its Order granting Defendant's Motion for Summary Judgment, Plaintiff's motions will be denied.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion to Vacate the Court's Order granting Summary Judgment and Order a New Trial (Doc. No. 42) is **DENIED**; and

2. The Clerk is directed to continue to maintain this matter as closed in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 25, 2024

Kenneth D. Bell
United States District Judge